IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HAILO TECHNOLOGIES, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. _____ |
| V. ) | |
| ) | |
| SAFR TECHNOLOGIES, INC., ) | DEMAND FOR JURY TRIAL |
| ) | |
| Defendant. ) | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Hailo Technologies, LLC ("Plaintiff"), by and through its undersigned counsel, for its Complaint against Safr Technologies, Inc. ("Safr" or "Defendant") makes the following allegations. These allegations are made upon information and belief.

**NATURE OF THE ACTION**

1. This is an action against Defendant for infringement of one or more claims of United States Patent No. 6,756,913 ("the '913 Patent").

**PARTIES**

2. Plaintiff Hailo Technologies, LLC is a limited liability company organized under the laws of the State of California and has an office and principal place of business at 35 Hugus Alley, Suite 210, Pasadena, CA 91103.

3. Defendant Safr Technologies, Inc., is a corporation incorporated under the laws of the State of Delaware and has an office and principal place of business at 1946 Washington Street, Unit 35, Auburndale, MA 02466.

## JURISDICTION AND VENUE

4. This patent infringement action arises under the patent laws of the United States, including 35 U.S.C. §§ 271 et seq., 281, and 284.

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because it arises under United States Patent law.

6. This Court has personal jurisdiction over the Defendant because it (either directly or through its subsidiaries, divisions, groups or distributors) has sufficient minimum contacts with the forum as a result of business conducted within the State of Delaware and this District; and/or specifically over the Defendant (either directly or through its subsidiaries, divisions, groups or distributors) because of its infringing conduct within or directed at this district.

7. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b).

## FACTS

8. Plaintiff is the sole owner, by assignment, of U.S. Patent No. 6,756,913, entitled "SYSTEM FOR AUTOMATICALLY DISPATCHING TAXIS TO CLIENT LOCATIONS" which was duly and legally issued on June 29th, 2004 by the United States Patent and Trademark Office ("USPTO").

9. A copy of the '913 Patent is attached to this Complaint as **Exhibit A**.

10. The claims of the '913 Patent are valid and enforceable.

## COUNT I: CLAIM FOR PATENT INFRINGEMENT
## UNDER 35 U.S.C. § 271(b) ('913 PATENT)

11. Plaintiff hereby incorporates by reference the allegations of paragraphs 1 through 10 of this Complaint as if fully set forth herein.

12. Claim 1 of the '913 Patent covers a method for sending notifications to a server, comprising: periodically sensing if a meter on a taxi is active to determine if the taxi is available for customer service; on sensing that the vehicle is available, periodically: determining the vehicle's current position coordinates information using a position coordinates determination device; sending said current position coordinates information to said server.

13. Defendant developed, develops, used, uses, sells, implements, and distributes software solutions that connect users with independent private car operators for securing paid transportation, including without limitation the Safr software application System ("Accused Product").

14. A claim chart comparing Claim 1 of the '913 Patent to the Accused Product is attached as **Exhibit B**.

15. Defendant has imported, offered to sell and provide, has sold and provided, and continues to offer to sell and provide, the Accused Product in the United States and in this District that literally infringes at least Claim 1 of the '913 patent thus actively inducing infringement.

16. Defendant has imported, offered to sell and provide, has sold and provided, and continues to offer to sell and provide, the Accused Product in the United States and in this District that infringes at least Claim 1 of the '913 Patent under the doctrine of equivalents thus actively inducing infringement.

17. Defendant Safr, including its agents and assigns, distributes the Accused Product, which is preprogrammed to practice the method of Claim 1 of the '913 Patent.

18. Thus, Accused Product infringes at least Claim 1 of the '913 Patent.

19. Plaintiff has been, and will continue to be, irreparably harmed by Safr's ongoing infringement of the '913 Patent.

20. As a direct and proximate result of Safr's infringement of the '913 Patent, Plaintiff has been and will continue to be damaged in an amount yet to be determined, including but not limited to Plaintiff's lost profits and/or a reasonable royalty.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendant as follows:

A. In favor of Plaintiff that Defendant has infringed one or more claims of the '913 Patent, either literally or under the doctrine of equivalents;

B. Requiring Defendant to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendant's infringement of the '913 Patent as provided under 35 U.S.C. § 284, but not less than a reasonable royalty; and

C. For such other and further relief, as may be just and equitable.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial on all issues and causes of action triable to a jury.

Dated:  July 3, 2019                                  Respectfully submitted,

*Of Counsel*                                          */s/ George Pazuniak*

Todd Brandt                                           George Pazuniak
TX State Bar 24027051                                 O'Kelly Ernst & Joyce, LLC
Brandt Law Firm                                       901 N. Market St., Suite 1000
222 N. Fredonia Street                                Wilmington, DE 19801
Longview, TX 75601                                    Tel: 302-478-4230
Tel: 903 753 6760                                     gp@del-iplaw.com

                                                      *Attorneys for Plaintiff*